PER CURIAM:
The court took en banc this case, which raises questions about the scope of liability of an ERISA plan administrator and fiduciary for allegedly misrepresenting a plan beneficiary’s coverage in its advice to a provider of health devices. The vacated panel opinion relied primarily on this court’s decisions in Transitional Hosp. v. Blue Cross & Blue Shield of Texas, Inc., 164 F.3d 952 (5th Cir.1999), and Memorial Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir.1990), in reaching the conclusion that three of the provider’s state law claims, for negligent misrepresentation, promissory estoppel and violations of the Texas Insurance Code, were not preempted by ERISA.[1]
The panel itself rejected, albeit without citing, this court’s decision in Cypress Fairbanks Med. Ctr., Inc. v. Pan-American Life Ins. Co., 110 F.3d 280 (5th Cir.1997). Further, UnitedHealtheare, the plan administrator, contended in its petition for rehearing en banc that Transitional and Northbrook, and consequently the panel’s decision, are in tension with the court’s prior opinions in Hermann Hosp. v. MEBA Med. & Benefits Plan, 845 F.2d 1286 (5th Cir.1988) (“Hermann I”), and Hermann Hosp. v. MEBA Med. & Benefits Plan, 959 F.2d 569 (5th Cir.1992) (“Hermann II”).
Having reconsidered this case en banc, we reinstate the panel opinion and overrule, to the extent inconsistent with its reasoning, the court’s opinions in Cypress Fairbanks, Hermann I and Hermann II.
The judgment of the district court is REVERSED and the case REMANDED for further proceedings consistent herewith.
REVERSED and REMANDED.

. Access Mediquip has not challenged the panel's rejection of its state law claims for quantum meruit and unjust enrichment; that portion of the panel opinion is reinstated.